In the Matter of the Contested Election of Loretta Sanchez to the House of Representatives of the United States Congress;

Robert K. DORNAN, Contestant,

v.

Loretta SANCHEZ, Contestee.

No. SA CV 97–176–GLT.

United States District Court, C.D. California.

March 13, 1997.

tested Election Act, 2 U.S.C. § 381 and following, is to issue requested deposition subpoenas apparently regular on their face. This does not include authority to issue subpoenas in blank or for document production only.

## I. BACKGROUND

Loretta Sanchez was elected to the United States House of Representatives in the 1996 general election, defeating incumbent Robert Dornan. Mr. Dornan filed a formal contest of the election results with the United States House of Representatives. *See* 2 U.S.C. § 381 and following. Mr. Dornan, through counsel, also filed an *ex parte* application to this court for an order to issue subpoenas under 388 of the Act.

This court, through a Magistrate Judge, entered an order directing the Clerk of the Court "to issue subpoenas signed but otherwise in blank to Contestant [Mr. Dornan] or his attorneys in the same manner as would apply to the issuance of deposition subpoenas in cases pending in this Court."

Ms. Sanchez applied to vacate the subpoena order on the limited ground the subpoenas were untimely. The application was denied.

Mr. Dornan served numerous subpoenas requiring production of records to Mr. Dornan's representative by various third party custodians of records, without scheduled depositions. Ms. Sanchez and various parties served with "documents only" subpoenas sought relief from the subpoenas and the Magistrate Judge's order. This court set the challenge for hearing on an expedited basis, and the matter was fully argued on the merits. The court ruled that the orders of the Magistrate Judge be vacated, and the subpoenas issued thereunder be withdrawn. The court now issues its written order in furtherance of that ruling.

William R. Hart, Hart, King & Coldren, Santa Ana, CA, for Contestant.

William Kopeny, Irvine, CA, for Contestee.

## ORDER VACATING SUBPOENA ORDERS AND RECALLING SUBPOENAS

TAYLOR, District Judge.

On first impression, it is held a court's sole authorized participation in the Federal Con-

## II. DISCUSSION

The court has jurisdiction and authority to review and change an order of its Magistrate Judge that is contrary to law. 28 U.S.C. § 636(b)(1)(A). The national election process is of such public importance that the court

will expedite any review of orders in furtherance of that process.[1]

Each House of Congress is the judge of the elections and returns of its own members. United States Constitution, Article I, Section 5. To aid in that function, in 1969 Congress enacted the Federal Contested Elections Act as a carefully drawn procedural mechanism for the contest of an election to the House of Representatives. 2 U.S.C. §§ 381–396. The parties agree there are no cases interpreting the discovery provisions of that Act.

The procedures the Act creates are specific, and the role allocated to the courts is very limited. Under § 388, upon the application of any party, "a subpena for attendance at a deposition shall be issued ..." by the court or other designated persons.

■ The Act's subpoena process is entirely a creature of this statutory structure. There is no provision in the Act for engrafting onto it the provisions of the Federal Rules of Civil Procedure, or other aspects of the court's operation or supervision. The limit of a court's role under the Act is to issue requested deposition subpoenas apparently regular on their face.

■ Unlike other areas of law where the court retains inherent supervision over its own subpoenas, the role is more limited here. The Constitution's special reservation to Congress of judging its own elections and returns preempts inherent court power not specifically authorized by Congress.[2] The court may do what the Act authorizes and directs it to do, but no more.[3]

In performing its role of issuing requested deposition subpoenas apparently regular on their face, it is appropriate for the court to decline to issue subpoenas that do *not* appear to be regular on their face.

Reading §§ 386 through 388 together, Congress provided for depositions on oral examination (§ 386(a)), notice (§ 387), subpoenas to compel witness attendance at depositions (§ 386(e)), a limited court role of issuing those subpoenas (§ 388(a)), actual appearance and testimony in "every subpoena" (§ 388(d)), and the opportunity to "also" command the production of documents at the deposition (§ 388(e)).[4]

■ The statutory scheme does not provide for *ex parte* discovery, subpoenas to produce documents only, or early document discovery before depositions are taken. Such a subpoena may not be issued. If Congress had so intended, such a provision could have easily been included in the Act.

The reasons for requiring production of documents through an actual deposition are apparent. At a noticed deposition, potential *ex parte* discovery abuses can be avoided. All parties can be present and represented, receive information under oath, obtain copies of everything produced, discuss the matter fully with the document custodian, and make

1. See *Morgan v. United States*, 801 F.2d 445, 450 (D.C.Cir.1986) ("The pressing legislative demands of contemporary government have if anything increased the need for quick, decisive resolution of election controversies.").

2. The strict reservation of election contest jurisdiction to Congress is described by Scalia, J., (then sitting on the District of Columbia Circuit): "[T]he Constitution ... unambiguously proscribes judicial review.... It is difficult to imagine a clearer case of 'textually demonstrable constitutional commitment' of an issue to another branch of government to the exclusion of the courts.... [T]he language ... '[e]ach House shall be the Judge of the Elections, Returns and Qualifications of its own Members' ... [constitutes] [t]he exclusion of others—and in particular of others who are judges.... [T]he Elections Clause is ... [a] plain exclusion of judicial jurisdiction ... [T]he command to 'be the Judge of

... Elections' excludes other judges." *Morgan v. United States*, 801 F.2d 445, 446–47, 450 (D.C.Cir.1986).

3. The issues in this case do not involve the sort of extraordinary and fundamental Constitutional rights violation that might invoke broader court intervention. See, for example, *Powell v. McCormack*, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969) (holding judicial intervention appropriate where House action goes beyond Constitutional power to judge elections); *Morgan v. United States*, 801 F.2d at 451 (recognizing possible "limited judicial interference" upon "a clear showing of such arbitrary and improvident use of the power [by the House] as will constitute a denial of due process of law.....").

4. A court may acquire a different participation under the Act if a prosecution is brought for failure to make discovery. 2 U.S.C. § 390.

a record for consideration by the House of Representatives on any matter or dispute taken to it.

 The Act does not provide for a court to issue subpoenas in blank, with a party or counsel to fill in the witness name and particulars. Such subpoenas may not be issued. Although that procedure may be permitted under the Federal Rules of Civil Procedure, it is not part of this Act.

The format and content of the subpoena are specified in the Act. A court may not issue a subpoena under the Act if a deviation from the prescribed format and content is apparent. Since the Federal Rules of Civil Procedure are not engrafted onto the Act, the subpoena text may not advise witnesses that the rights and obligations of the Federal Rules apply.

It is not part of the court's subpoena issuance role under § 388 to inquire or decide if the deposition is timely under § 386. An issue of untimeliness is properly addressed to the House rather than the court. The House may make any appropriate protective order.

The court finds the subpoenas sought in this case were irregular on their face in several respects. They were for the *ex parte* production of documents only, and not for an actual deposition. They were requested and issued in blank, in a format not as specified by the Act. Therefore, the court will vacate the prior subpoena authorization orders and recall the subpoenas.

 As a result of this order, the various additional pending motions to quash the subpoenas or restrict their scope are moot. Any future request to quash or restrict (as unreasonable, overbroad, burdensome, etc.) a § 388 subpoena document demand should be directed to the House and not to the court. The court lacks authorization or jurisdiction to hear such a challenge, and under § 388(e) such authorization and jurisdiction is vested exclusively with the House.

Ms. Sanchez argued this court's Local Rules do not authorize reference of an Act subpoena issuance to a Magistrate Judge. Because of this ruling, the court does not reach that issue. However, in order to avoid delay in the House of Representatives election contest proceeding, the court directs that any future subpoena application to this District Court be submitted directly to the District Court Judge.

## III. *DISPOSITION*

The subpoena order of the Magistrate Judge is VACATED, and the subpoenas issued thereunder are RECALLED.